**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-17-17

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BANK OF NEW YORK MELLON CORP.<br>FOREX TRANSACTIONS LITIGATION<br><br>This Document Relates to: 11-CV-09175 | **CIVIL ACTION NO.**<br>MASTER FILE<br>12 MD 2335 (LAK) |

Granted

SO ORDERED

LEWIS A. KAPLAN, USDJ

1/16/17

**NOTICE OF LEAD PLAINTIFF'S MOTION**
**FOR APPROVAL OF DISTRIBUTION PLAN**

PLEASE TAKE NOTICE that, upon the accompanying Declaration of Stephanie A. Thurin in Support of Lead Plaintiff's Motion for Approval of Distribution Plan (the "Thurin Declaration") submitted by the Court-approved Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), and the Memorandum in Support of Lead Plaintiff's Motion for Approval of Distribution Plan, Lead Plaintiff, the State of Oregon, by and through the Oregon State Treasurer on behalf of the Common School Fund and, together with the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund ("Oregon"), will and hereby does move this Court for entry of the accompanying [Proposed] Order Approving Distribution Plan. That order will, *inter alia*: (i) approve Epiq's administrative recommendations accepting and rejecting Proofs of Claim submitted in this Action, including the Claims being put before the Court on this motion based on the Claimants' requests for judicial review; (ii) direct the distribution of the Net Settlement Fund to Claimants whose Claims have been accepted as valid and approved by the Court, while maintaining a Reserve for any contingencies that may arise; (iii) direct that distribution checks state that the check must be cashed within 90 days after the issue date; (iv) direct that Authorized Claimants will forfeit all recovery from the Settlement if they fail to cash their distribution checks in a timely manner; (v) adopt the recommended plan for any funds remaining following the Initial Distribution;